## IN THE UNITED DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| George Estes, | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| Vs. | ) Case No. _____ |
| | ) |
| Detective Dave Lederle, | ) |
| Officer Adrian Barry, | ) |
| Detective Michael Brady, | ) |
| Detective James Taschner. | ) |
| Detective Eric Lanham, | ) |
| St. Ann Police Department, | ) |
| City of St. Ann, | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW. Plaintiff. George Estes, and acting pro se, and for his cause of action against the Defendants. states and alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff, George Estes, on or about September 4, 2002 was the subject of a police search of his residence at 10116 Castle Dr. in St. Louis, Missouri 63136. During that search the plaintiff was subjected to cruel and unusual punishment. and assault, in that defendants beat him about his head and body while in the custody of the defendants at the St. Ann Police Department the plaintiff was again assaulted by the defendants, intimidated during questioning, deprived of his Miranda Rights and denied access to an attorney. The plaintiff therefore seeks declaratory relief, money. damages, and punitive damages, and medical care and treatment.

1

## **JURISDICTION**

1) This action is brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is conferred on this Court by 28 U.S.C. Sections 1331 and 1343.

2) Costs and attorney's fees may be awarded pursuant to 42 U.S.C. Section 1988 and Federal Rule of Civil Procedure 54.

## **VENUE**

3) Venue is properly found in this district under 28 U.S.C. Section 1391 in that Plaintiff's cause of action arose in this district and that the Defendants are subject to personal jurisdiction in this district.

## **CONCERT IN ACTION**

That, at all relevant times herein mentioned Defendants Detective Dave Lederle, Officer Adrian Barry Detective Michael Brady, Detective James Taschner, Detective Eric Lanham, Officer Adrian Barry, St. Ann Police Department, and the City of St. Ann were acting in concert and with one another regarding the actions and disposition of any and all injuries caused to the plaintiff, the deprivation of his civil rights and the denial of any medical treatment for his injuries, thereby rendering all of the said defendants jointly and severally liable for the actions of each other.

2

# PARTIES

5) Plaintiff George Estes is a resident of St. Louis County, Missouri.

6) City of St. Ann, is a government entity operating within the State of Missouri and is subject to the laws and jurisdictions of the State of Missouri.

7) St. Ann Police Department, is a government entity operating within the State of Missouri and is subject to the laws and jurisdictions of the State of Missouri.

8) Detective Dave Lederle is a police detective with the St. Ann Police Department and was operating under the powers of that police department under the color of law and is thus being sued in his personal and official capacity.

9) Adrian Barry is a Police Officer with the St. Ann Police Department and was operating under the powers of that police department under the color of law and is thus being sued in his personal and official capacity.

10) Detective Michael Brady is a police detective with the Hazelwood Police Department and was operating under the powers of that police department under the color of law and is thus being sued in his personal and official capacity.

3

11) Detective James Taschner is a police detective with the Hazelwood Police Department and was operating under the powers of that police department under the color of law and is thus being sued in his personal and official capacity.

12) Detective Eric Lanham is a police detective with the Bridgeton Police Department and was operating under the powers of that police department of under the color of law and is thus being sued in his personal and official capacity.

## FACTS

13) Plaintiff, George Estes, on or about September 4, 2002 was the subject of a police search of his residence at 10116 Castle Dr. in St. Louis, Missouri 63136, by the defendants in this cause of action.

14) During that search the plaintiff and his girlfriend were handcuffed. The plaintiff was then dragged to back of the house by the defendants, where they began to beat him about his body and face, and choked him.

15) During this beating, the defendants continually asked the plaintiff in a loud and intimidating manner, "where is the gun and dope". The plaintiff continuously replied with "I con't know".

4

16) Other unknown officers kept the plaintiff's girlfriend handcuffed and in the
living room out of view of the aforementioned beating.

17) During this encounter the plaintiff home alarm was sounding off due to the
fact that the defendants kicked his front door in and set the alarm off.

18) The officers then searched the entire home and found nothing illegal or
pertaining to the search warrant.

19) They did however locate the plaintiff's safe. They forced the plaintiff to give
them the combination and then proceeded to open it.

20) When they opened the safe they found $3500.00 in cash.

21) The defendants then brought in a K-9 unit to search the home.

22) The K-9 unit search was negative.

23) Then defendant, Detective Dave Lederle directed St. Ann police officer
Adrian Barry to transport the plaintiff and his girlfriend to the St. Ann Police
Department.

24) The plaintiff and his girlfriend arrived at the St. Ann Police Department at the
same time, 12:00 pm on September 4, 2002, however their booking times vary
by a great degree.

25) The plaintiff was interrogated by the defendants about an alleged stolen
gun.

26) The plaintiff denied any knowledge of a gun and was subsequently the subject
of being beat about his body and face by the defendants.

5

27) The plaintiff was never advised of his Miranda Rights nor did he waive them at any time.

28) The plaintiff then asked for an attorney and continued to ask for one.

29) The plaintiff and his girlfriend were kept at the St. Ann Police Station until 1:00 am on September 4, 2002.

30) The plaintiff and his girlfriend were then released without any charges against them.

31) The plaintiff immediately went to Christian Northeast Hospital at 367 & Dunn Rd.

32) After an initial examination the plaintiff was diagnosed with blood in his left ear, several points of swelling on his chest and head. He then told the doctor that he was beaten by the police and was then discharged.

33) Six months after the aforementioned events the plaintiff and his girlfriend were charged with "Possession with the intent to sell", the police claimed he had marijuana at his residence that was located during the September 4, 2002 search.

34) The plaintiff as of the filing on this claim, is still suffering from pain and emotional distress as a result of the foregoing facts and actions by the defendants.

35) No further or altered actions have been taken by any of the defendants to remedy the situation.

36) The plaintiff has satisfied all his administrative remedies and as such has no other alternative but to file this claim.

6

## COUNT 1

### 42 U.S.C. 1983 – Violation of Civil Rights

37) Plaintiff incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38) During the aforementioned events and while in the custody of the defendants, the Plaintiff was subjected to unlawful conditions, including but not limited to: Defendants inflicted unnecessary physical harm to the plaintiff as well they denied him his right to counsel and failed to advise him of his Miranda Rights during any questioning denied and otherwise refused Plaintiff reasonable medical care, knowing Plaintiff was in need of medical care, with knowing disregard for Mr. Estes's safety, which directly resulted in Mr. Estes experiencing pain, emotional distress, and prevented Mr. Estes from any redress of that pain and suffering in a timely manner.

39) Defendants, individually and in concert with others, acted under pretense and color of law and their official and personal capacities, but such acts were beyond the jurisdiction and without authorization of law.

40) Defendants' actions and failures to act were not reasonably related to a legitimate government objective and amounted to cruel and unusual

7

punishment of George Estes, who was in obvious, serious need of medical
attention.

41) Furthermore, each Defendant, individually and in concert with others, acted
willfully, intentionally, and with deliberate indifference to inflict injury and
harm to the plaintiff and to deprive Mr. Estes of his rights to be detained under
lawful conditions and to adequate and competent medical care, all of which
rights are secured to Plaintiff by the Fourth, Fifth, Sixth, Eighth, and
Fourteenth Amendments to the United States Constitution, and by 42 U.S.C.
Section 1983.

42) Defendants St. Ann Police Department and the City of St. Ann, tolerated
theses unlawful practices as the policy and custom of the St. Ann Police
Department with deliberate indifference as to the constitutional rights of
George Estes, in that:

> A. These Defendants had constructive notice that the act of
> inflicting bodily harm in excess of what the law allows in
> order to subdue an individual and in fact after and individual
> had been secured and handcuffed and denying reasonable and
> competent medical care to individuals in their custody who
> are in need of such competent medical care and treatment is
> substantially certain to result in a constitutional violation; and
>
> B. These Defendants made the conscious and deliberate choice
> to disregard the risk of harm to its prisoners by tolerating this
> unlawful practice as matter of policy and custom.

8

43) Defendants St. Ann Police Department and City of St. Ann, are liable for the
actions of their agent, in carrying out this said policy and custom.
Furthermore, Defendants St. Ann Police Department and City of St. Ann,
permitted, encouraged, and tolerated the unlawful practices within the St.
Ann Police Station as pled herein, therefore, the unlawful practices were the
official policy, or alternatively the ad hoc policy, of Defendants St. Ann
Police Department and the City of St. Ann.

44) As a direct and proximate result of the negligent and intentional acts, and
omissions, of Defendants as pled herein, George Estes was deprived of his
Constitutional rights and said Plaintiff suffered damages including, but not
limited to, the following:

a) Said Plaintiff suffered embarrassment and emotional distress; physical
injury including, but not limited to, psychological and emotional damage;
and significant mental anguish; from September 4, 2002 to present;

b) Said Plaintiff requires and must obtain the services of doctors, hospitals,
and other health care providers, and may require medication, diagnostic
testing and other treatment, the exact nature of which is unknown at this
time, and, therefore, can not be pled with more particularity; and

c) Plaintiff has incurred fees and expenses and may incur attorney's fees in
pursuing redress over the wrongs Plaintiff suffered at the hands of the
Defendants

9

45) The actions of all said Defendants were outrageous and committed with evil motive and callous and reckless indifference to the rights of George Estes, thus entitling said Plaintiff to an award of punitive damage in an amount that will serve to punish the Defendants and to deter the Defendants and others from like conduct

WHEREFORE, Plaintiff prays that this Court enter a judgment in their favor against all Defendants jointly and severally, and;

a) Award him compensatory damages in an amount to be determined at trial;

b) Award him punitive damages in an amount to be determined at trial;

c) Award him costs, including reasonable fees and expenses; and

d) Grant such other relief as the Court may deem just and proper.

## COUNT II

### State Law Cause of Action

### Negligence of Detective Dave Lederle

46) Plaintiff incorporates by reference paragraphs 1 through 45, as though fully set forth herein.

47) Detective Dave Lederle was negligent in the following manners:

> 1. By intentionally inflicting serious bodily harm to the plaintiff for the purposes of obtaining a confession or in obtaining the location on drugs and a gun, both of which were not found during the search of the plaintiff's residence.

48) Which actions or omissions were below the requisite standard in interviewing a suspect and maintaining his safety and security during the detention of the plaintiff, as well as to deny the plaintiff timely and necessary medical care were negligent, and did cause the plaintiff serious bodily harm, psychological damage, pain and suffering as well as to prevent the Plaintiff's, proper healing, caused a lost opportunity for healing, caused additional pain and suffering, and caused additional and permanent damage to the Plaintiff; who was then employed by and acting, at the time, on behalf of and in scope of duty for St. Ann Police Department, which actions the Plaintiff relied on.

11

WHEREFORE, Plaintiff prays that this Court enter judgment in their favor

against all Defendants jointly and severally, and:

a) Award him compensatory damages in an amount to be determined at trial;

b) Award him punitive damages in an amount to be determined at trial;

c) Award him costs and fees and any attorney's fees and expenses; and

d) Grant such other relief as the Court may deem just and proper.

## COUNT III

## State Law Cause of Action

## Negligence of Detective Michael Brady

49) Plaintiff incorporates by reference paragraphs 1 through 48, as though fully

set forth herein.

50) Detective Michael Brady was negligent in the following manners:

> 1. By intentionally inflicting serious bodily harm to the
> plaintiff for the purposes of obtaining a confession or in
> obtaining the location on drugs and a gun, both of which
> were not found during the search of the plaintiff's
> residence.

51) Which actions or omissions were below the requisite standard in interviewing a suspect and maintaining his safety and security during the detention of the plaintiff, as well as to deny the plaintiff timely and necessary medical care were negligent, and did cause the plaintiff serious bodily harm, psychological damage, pain and suffering as well as to prevent the Plaintiff's, proper healing, caused a lost opportunity for healing, caused additional pain and suffering, and caused additional and permanent damage to the Plaintiff; who was then employed by and acting, at the time, on behalf of and in scope of duty for St. Ann Police Department, which actions the Plaintiff relied on.

WHEREFORE, Plaintiff prays that this Court enter judgment in their favor against all Defendants jointly and severally, and:

a) Award him compensatory damages in an amount to be determined at trial;

b) Award him punitive damages in an amount to be determined at trial;

c) Award him costs and fees and any attorney's fees and expenses; and

d) Grant such other relief as the Court may deem just and proper.

## COUNT IV

## State Law Cause of Action

## Negligence of Detective James Taschner

52) Plaintiff incorporates by reference paragraphs 1 through 51, as though fully

set forth herein.

53) Detective James Taschner was negligent in the following manners:

> 1. By intentionally inflicting serious bodily harm to the
> plaintiff for the purposes of obtaining a confession or in
> obtaining the location on drugs and a gun, both of which
> were not found during the search of the plaintiff's
> residence.

54) Which actions or omissions were below the requisite standard in interviewing

a suspect and maintaining his safety and security during the detention of the

plaintiff, as well as to deny the plaintiff timely and necessary medical care

were negligent, and did cause the plaintiff serious bodily harm, psychological

damage, pain and suffering as well as to prevent the Plaintiff's, proper

healing, caused a lost opportunity for healing, caused additional pain and

suffering, and caused additional and permanent damage to the Plaintiff; who

was then employed by and acting, at the time, on behalf of and in scope of

duty for St. Ann Police Department, which actions the Plaintiff relied on.

14

WHEREFORE, Plaintiff prays that this Court enter judgment in their favor

against all Defendants jointly and severally, and:

a) Award him compensatory damages in an amount to be determined at trial;

b) Award him punitive damages in an amount to be determined at trial;

c) Award him costs and fees and any attorney's fees and expenses; and

d) Grant such other relief as the Court may deem just and proper.


## COUNT V

### State Law Cause of Action

### Negligence of Detective Eric Lanham


55) Plaintiff incorporates by reference paragraphs 1 through 54, as though fully

set forth herein.

56) Detective Eric Lanham was negligent in the following manners:

> 1. By intentionally inflicting serious bodily harm to the
> plaintiff for the purposes of obtaining a confession or in
> obtaining the location on drugs and a gun, both of which
> were not found during the search of the plaintiff's
> residence.

57) Which actions or omissions were below the requisite standard in interviewing

a suspect and maintaining his safety and security during the detention of the

plaintiff, as well as to deny the plaintiff timely and necessary medical care

were negligent, and did cause the plaintiff serious bodily harm, psychological

damage, pain and suffering as well as to prevent the Plaintiff's, proper healing,
caused a lost opportunity for healing, caused additional pain and suffering, and
caused additional and permanent damage to the Plaintiff; who was then employed
by and acting, at the time, on behalf of and in scope of duty for St. Ann Police
Department, which actions the Plaintiff relied on.

WHEREFORE, Plaintiff prays that this Court enter judgment in their favor
against all Defendants jointly and severally. and:

a) Award him compensatory damages in an amount to be determined at trial;

b) Award him punitive damages in an amount to be determined at trial;

c) Award him costs and fees and any attorney's fees and expenses: and

d) Grant such other relief as the Court may deem just and proper.

## COUNT VI

## State Law Cause of Action

## Negligence of Officer Adrian Barry

58) Plaintiff incorporates by reference paragraphs 1 through 57, as though fully
set forth herein

16

59) Officer Adrian Barry was negligent in the following manners:

> 1. By intentionally inflicting serious bodily harm to the plaintiff for the purposes of obtaining a confession or in obtaining the location on drugs and a gun, both of which were not found during the search of the plaintiff's residence.

60) Which actions or omissions were below the requisite standard in interviewing a suspect and maintaining his safety and security during the detention of the plaintiff, as well as to deny the plaintiff timely and necessary medical care were negligent, and did cause the plaintiff serious bodily harm, psychological damage, pain and suffering as well as to prevent the Plaintiff's, proper healing, caused a lost opportunity for healing, caused additional pain and suffering, and caused additional and permanent damage to the Plaintiff; who was then employed by and acting, at the time, on behalf of and in scope of duty for St. Ann Police Department, which actions the Plaintiff relied on.

WHEREFORE, Plaintiff prays that this Court enter judgment in their favor against all Defendants jointly and severally, and:

a) Award him compensatory damages in an amount to be determined at trial;

b) Award him punitive damages in an amount to he determined at trial;

c) Award him costs and fees and any attorney's fees and expenses; and

d) Grant such other relief as the Court may deem just and proper.

17

## COUNT VII

## State Law Cause of Action

## Negligent Training and Supervision

61) Plaintiff incorporates by reference paragraphs 1 through 60, as though fully set forth herein.

62) Defendants their employees and agents hired individuals to fulfill the duties as required by his contractual and employment relationship with the City of St. Ann, and the St. Ann Police Department.

63) Defendants St. Ann Police Department, City of St. Ann, Detective Dave Lederle, Detective Eric Lanham, Detective James Taschner, Officer Adrian Barry and Detective Michael Brady, individually and in concert with the others owed a duty to George Estes to use reasonable prudence, care and diligence to ensure that they hired competent individuals to fulfill their contractual and employment obligations in such a way that said Plaintiff would not be unreasonably subjected to pain, suffering, damages, or harm.

64) Defendants St. Ann Police Department, City of St. Ann, Detective Dave Lederle, Detective Eric Lanham, Detective James Taschner, Officer Adrian Barry and Detective Michael Brady, owed a duty to George Estes to use reasonable care and diligence to ensure that those individuals with whom it contracted and employed were adequately and properly trained to fulfill the

obligations and duties of their contracts and employment by humane, safe, and legal methods and means, and in such a way that said Plaintiff would not be unreasonably subject to pain, suffering, damages, or harm.

65) Defendants St. Ann Police Department, City of St. Ann, Detective Dave Lederle, Detective Eric Lanham, Detective James Taschner, Officer Adrian Barry and Detective Michael Brady owed a duty to George Estes to use reasonable care and diligence to ensure that those organizations and individuals with whom it contracted and employed were properly supervised to ensure that he fulfilled the obligations and duties of their contract and employment by humane, safe, and legal methods and means, and in such a way that said Plaintiff would not be unreasonably subjected to pain suffering, damages, or harm.

66) Defendants St. Ann Police Department, City of St. Ann, Detective Dave Lederle, Detective Eric Lanham, Detective James Taschner, Officer Adrian Barry and Detective Michael Brady knew or reasonably should have known that the individuals with whom it contracted and employed were either not properly qualified, or not properly trained or supervised to fulfill the obligations of their contract and employment by humane, safe, and legal methods.

19

67) Defendants St. Ann Police Department, City of St. Ann, Detective Dave
Lederle, Detective Eric Lanham, Detective James Taschner, Officer Adrian
Barry and Detective Michael Brady were negligent in that they improperly
and negligently, or, in the alternative, failed to properly train said unknown
Defendants to fulfill the obligations and duties for which he contracted and for
which he were hired, including not maintaining policies and procedures for
dealing with the medical needs and restrictions of inmates, pretrial detainees
or prisoners, such as those of said Plaintiff.

68) As a direct and proximate result of the negligence of Defendants St. Ann
Police Department, City of St. Ann, Detective Dave Lederle, Detective Eric
Lanham, Detective James Taschner, Officer Adrian Barry and Detective
Michael Brady, George Estes was damaged in that said Plaintiff was deprived
of his constitutional rights and suffered damages including, but not limited to
the following:

a) Said Plaintiff suffered emotional distress, physical injury including, but
not limited to, psychological and emotional damage; and did sustain
medically diagnosable injury;

b) Said Plaintiff was required to and did obtain the services of doctors, and
other healthcare providers, and did require and receive medication,
diagnostic testing and other treatment the exact nature of which is
unknown at this time, and, therefore, can not be said with more
particularity; and

c) Said Plaintiff has occurred fees and expenses in pursuing redress over the
wrongs Plaintiff suffered at the hands of the Defendants.

69) The acts and omissions of Defendants St. Ann Police Department, City of St.
Ann, Detective Dave Lederle, Detective Eric Lanham, Detective James
Taschner, Officer Adrian Barry and Detective Michael Brady were ongoing
and grossly negligent, and taken in total disregard for the rights and safety of
George Estes such that said Plaintiff are entitled to an award of punitive
damages.

WHEREFORE, Plaintiff pray that this Court enter in their favor against these
Defendants jointly and severally, and:

a) Award him compensatory damages in an amount to be determined at trial;

b) Award him punitive damages in an amount to be determined at trial;

c) Award him costs and fees and any attorney's fees and expenses; and

d) Grant such other relief as the Court may deem just and proper.

# COUNT XVIII

## 42 U.S.C. 1988

70) Plaintiff incorporates by reference paragraphs 1 through 69 present, as fully
set forth herein.

21

71) With respect to the claims enforcing the provisions of 42 U.S.C. 1983 on

which Plaintiff prevail said Plaintiff requests compensation for any costs, as

provided for by 42 U.S.C. 1988(b).

## **DEMAND FOR JURY TRIAL**

72) Plaintiff requests a jury trial on all issues.

Respectfully submitted.

George Estes, Plaintiff pro se

## Certificate of Service

I, George Estes, Plaintiff, do hereby certify that on the 5th day of February, 2007, that a true and correct copy of the forgoing was mailed to the following:

St. Ann Police Department
10405 St. Charles Rock Road
St. Ann, Mo. 63074

City of St. Ann
10405 St. Charles Rock Road
St. Ann, Mo. 63074

Detective Dave Lederle
P0770204
10405 St. Charles Rock Road
St. Ann, Mo. 63074

Detective Eric Lanham
P0130164
11955 Natural Bridge
Bridgeton, Mo. 63044

Detective James Taschner
P0430291
415 Elm Grove
Hazelwood, Mo. 63042

Detective Michael Brady
P043-234
415 Elm Grove
Hazelwood, Mo. 63042

Officer Adrian Barry  # 173
10405 St. Charles Rock Road
St. Ann, Mo. 63074

George Estes. Plaintiff pro se

23