UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE ESTES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07 CV 274 DDN |
| ) | |
| DAVE LEDERLE, ADRIAN BARRY, ) | |
| MICHAEL BRADY, JAMES TASCHNER, ) | |
| ERIC LANHAM, ST. ANN POLICE ) | |
| DEPARTMENT, and ) | |
| CITY OF ST. ANN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the court are the motions of defendants (a) City of St. Ann Police Department, City of St. Ann, Dave Lederle, and Adrian Barry to dismiss plaintiff's original complaint (Doc. 4); and (b) St. Ann Police Department to dismiss the claims against it in the first amended complaint, filed June 18, 2007 (Doc. 28). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 20.)

Plaintiff George Estes brought this action against defendants Dave Lederle, Adrian Barry, Michael Brady, James Taschner, Eric Lanham, the St. Ann Police Department, and the City of St. Ann, Missouri, alleging defendants violated his civil rights.

Even though the first motion to dismiss was filed before the plaintiff filed his amended complaint, the court will consider the defendants' arguments in the context of the later pleading. Plaintiff's first amended complaint alleges the following facts in seven counts. On or about September 4, 2002, police searched plaintiff's home and during the search he was confined and beaten by the police, deprived of his Miranda rights, unlawfully interrogated, and denied access to counsel. Plaintiff alleges that he was again interrogated at the St. Ann police station and was again beaten, never advised of his Miranda rights and his request for counsel was denied. Plaintiff invokes 42 U.S.C. § 1983 and the court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 to vindicate his allegations that his federal rights were violated.

Defendants invoke Federal Rule of Civil Procedure 12(b)(6) for dismissal of the claims. When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all the factual allegations in plaintiff's complaint. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993); see Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999); Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The court must "construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiffs." Knapp, 183 F.3d at 788. The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)(overruling the 50-year-old standard of Conley v. Gibson, 355 U.S. 41 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. The complaint must include more than conclusory statements to survive a motion to dismiss. Id. at 1968.

## Defendant St. Ann Police Department

In its motion to dismiss the amended complaint Count I claim against it, defendant St. Ann Police Department argues that it is merely a component department of the governing body of the City of St. Ann, Missouri, a co-defendant. As such it is not suable in this action. This argument is made in both motions to dismiss. Plaintiff argues that his claims against the St. Ann Police Department should not be dismissed because municipalities and other local government units are included among those persons to whom 42 U.S.C. § 1983 applies.

A local governmental entity's capacity to be sued in federal court is "determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); see also Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). The Missouri Supreme Court has held that municipal departments cannot be sued unless they have been statutorily authorized to sue and to be sued. Id. at 969; Am. Fire Alarm Co. v. Bd. of Police Comm'rs of Kansas City, 227 S.W. 114, 116 (Mo. 1920). Plaintiff has not shown that any statute of the Missouri General Assembly has empowered the defendant St. Ann Police Department to sue or be sued in its own right; at most, plaintiff's allegations

allow only a conclusion that this defendant is only a division of the defendant City of St. Ann, Missouri.  And the court has found no such state statute.  Therefore, the court concludes that this defendant cannot be sued or sue in its own right.  Catlett, supra; Mosley v. Reeves, 99 F. Supp. 2d 1048, 1053 (E.D. Mo. 2000).  Therefore, the Count I claim against defendant St. Ann Police Department is dismissed with prejudice.

Plaintiff argues for a contrary ruling, based upon Tilson v. Forest City Police Dep't, 28 F.3d 802, 807 (8th Cir. 1994), and Mosley, 99 F. Supp. 2d at 1053.  The court agrees with defendant that these cases are inapposite.  In Tilson, the events which occurred in Arkansas involved claims against the department for arresting plaintiff without probable cause, unlawful incarceration, and questioning him without counsel or his waiver of counsel.  The judgment in favor of the plaintiff against the defendant was reversed on appeal for lack of legally sufficient evidence.  The court did not rule whether the department was a suable entity or not.  In Mosley, a case factually set in Missouri, the district court judge ruled contrary to the instant plaintiff's position that the police department was not a suable entity but that the arguments before the court would be considered regarding the liability of the defendant city.  99 F. Supp. 2d at 1053-54.

Neither in the amended complaint nor in response to the motion to dismiss does plaintiff plausibly allege or show that the St. Ann Police Department is a suable entity.  The claims against this defendant will be dismissed with prejudice.

### Defendant City of St. Ann, Missouri

The first amended complaint alleges in Count I that the City of St. Ann, through policy and custom, tolerated unlawful acts of the other defendants engaging in excessive force against plaintiff and denied him competent and reasonable medical care.

The defendant City argues that the claim against it should be dismissed because the claim is barred by the doctrine of sovereign

immunity.[1]  Plaintiff argues that municipalities such as the City of St. Ann are "persons" under 42 U.S.C. § 1983 and therefore are not immune from liability.

Municipalities are "persons" under 42 U.S.C. § 1983.  Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 690 (1978) ("Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies"); accord Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997).  However, a municipality will not be held liable under 42 U.S.C. § 1983 based on a respondeat superior theory.  Monell, 436 U.S. at 691-92 (§ 1983 does not "impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor").  "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983."  City of Canton, Ohio v. Harris, 489 U.S. 378, 387 (1989) (quoting City of Springfield, Mass. v. Kibbe, 480 U.S. 257, 267 (1987)).

Section 1983 "creates a species of tort liability that on its face admits of no immunities. . . ."  Imbler v. Pachtman, 424 U.S. 409, 417 (1976).  However, the Supreme Court has found that Congress, by enacting 42 U.S.C. § 1983, "did not intend to override well-established immunities or defenses under the common law."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  The court will recognize a particular immunity defense if the "parties seeking immunity were shielded from tort liability when Congress enacted the Civil Rights Act of 1871 § 1" and if recognizing the immunity does not contradict the history or purpose of 42 U.S.C. § 1983.  Wyatt v. Cole, 504 U.S. 158,

---

[1] Under Mo. Rev. Stat. § 537.600, "[s]uch sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977 . . . shall remain in full force and effect. . . ."  However, state statutory law cannot serve as a basis for immunity from liability under federal law.  Norfleet By and Through Norfleet v. Ark. Dep't of Human Servs., 989 F.2d 289, 293 (8th Cir. 1993) (citing Martinez v. California, 444 U.S. 277, 284 n.8 (1980) ("Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law")).  Therefore, Mo. Rev. Stat. § 537.600 cannot serve as a basis for immunity from suit under 42 U.S.C. § 1983.

164 (1992); Tower v. Glover, 467 U.S. 914, 920 (1984); Owen v. City of Independence, Mo., 445 U.S. 622, 638 (1980).

Municipalities are not afforded either absolute or qualified immunity under 42 U.S.C. § 1983. Leatherman, 507 U.S. at 166. There is no tradition of immunity for municipal corporations. Owen, 445 U.S. at 638, 650. Furthermore, neither history nor policy supports affording municipalities immunity. Id. at 638. Providing municipalities with immunity would defeat the purposes of 42 U.S.C. § 1983, which Congress "designed to expose state and local officials to a new form of liability. . . ."[2] City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 259 (1981); see also Owen, 445 U.S. at 650.

Therefore, the Count I claim against the defendant City of St. Ann is not dismissed.

### Defendant Police Officers

Counts II through VI allege that defendants Dave Lederle, Michael Brady, James Taschner, Eric Lanham, and Adrian Barry, respectively, were "negligent (sic) by intentionally inflicting serious bodily harm to the [p]laintiff during said police search and confinement." Second, plaintiff alleges that the individual defendants' "actions and omissions were below the requisite standard in interviewing a suspect and maintaining his safety and security during detention." Third, plaintiff alleges that the individual defendants "denied [p]laintiff timely and necessary medical care." Fourth, plaintiff alleges that the individual defendants "deprived [p]laintiff [of] his Miranda rights" and his "requests and access to an attorney." Fifth, plaintiff alleges that the individual defendants "violated and deprived [p]laintiff of his civil rights." (Doc. 24 at 5-9.)

The individual defendant police officers argue that they are protected from claims of negligence by sovereign immunity and official immunity. Plaintiff argues that the doctrine of sovereign immunity does not protect agents of government entities from liability. Plaintiff

---

[2]In Monell, the Supreme Court stated that "[m]unicipal bodies sued under § 1983 cannot be entitled to an absolute immunity" because otherwise the Supreme Court's "decision that such bodies are subject to suit under § 1983 [would] 'be drained of meaning.'" Monell, 436 U.S. at 701 (quoting Scheuer v. Rhodes, 416 U.S. 232, 248 (1974)).

also argues that the doctrine of official immunity cannot serve as a basis of dismissal because "[defendants'] conduct clearly violated [p]laintiff's constitutional rights" and thus does not qualify as a protected discretionary act. (Doc. 25 at 2.)

As noted above, Missouri's sovereign immunity statute, Mo. Rev. Stat. § 537.600 "[cannot] be used as a shield from liability under federal law." Norfleet, 989 F.2d at 293 (citing Martinez, 444 U.S. at 284 n.8). However, § 537.600 does not apply to the individual defendants under Missouri law. "Sovereign immunity is uniquely applicable to a governmental entity and is not applicable to an individual public official who acts as an agent of the state." Cottey v. Schmitter, 24 S.W.3d 126, 128-29 (Mo. Ct. App. 2000) (citing Rustici v. Weidemeyer, 673 S.W.2d 762, 768 (Mo. 1984)).

Under Missouri common law, the doctrine of official immunity shields "public officials from liability for alleged acts of ordinary negligence committed during the course of their official duties for the performance of discretionary acts."[3] Davis v. Lambert-St. Louis Int'l Airport, 193 S.W.3d 760, 763-64 (Mo. 2006). However, public officials cannot be shielded from 42 U.S.C. § 1983 liability by state law. Martinez, 444 U.S. at 284 n. 8.

Plaintiff's amended complaint describes the individual defendants in their law enforcement capacity. A suit against an individual in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell, 436 U.S. at 690 n.55); accord Roberts v. Dillon, 15 F.3d 113, 115 (8th Cir. 1994). If the government entity receives notice and an opportunity to respond,

---

[3]Under Missouri law, police officers are considered public officials within the meaning of the official immunity doctrine. Hawkins v. City of Farmington, 189 F.3d 695, 703 (8th Cir. 1999); Brown v. Tate, 888 S.W.2d 413, 414 (Mo. Ct. App. 1994). Furthermore, the execution of a search warrant is a discretionary act protected by the doctrine of official immunity under Missouri law. State ex rel. Boshers v. Dotson, 879 S.W.2d 730, 731 (Mo. Ct. App. 1994); accord Seiner v. Drenon, 304 F.3d 810, 813 (8th Cir. 2002). "[I]t is generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant." Dalia v. United States, 441 U.S. 238, 257 (1979).

then an official capacity suit will be treated as a suit against the entity. Graham, 473 U.S. at 166.

In order for a plaintiff to sue a public official in his <u>individual</u> capacity, the plaintiff must "expressly and unambiguously state so in the pleadings. . . ." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). In his first amended complaint,[4] plaintiff failed to "expressly and unambiguously" sue the individual defendants in their individual capacities. Thus, this court must assume that plaintiff is suing them only in their official capacities. See Johnson, 172 F.3d at 535; see also Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity").

Therefore, Count II against defendant Lederle and Count VI against defendant Barry are dismissed without prejudice.

In consequence,

**IT IS HEREBY ORDERED** that the motions of the defendants to dismiss (Docs. 4, 28) are ruled as follows:

a) The Count I and Count VII claims against defendant St. Ann Police Department are dismissed with prejudice.
b) The Count II claim against defendant Dave Lederle is dismissed without prejudice.
c) The Count VI claim against defendant Adrian Barry is dismissed without prejudice.

In all other respects the motions to dismiss are denied.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 10, 2007.

---

[4] In his original complaint, plaintiff stated that he was suing each of the individual defendants in his personal <u>and</u> official capacity. This allegation was not repeated in the amended complaint.