```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

GEORGE ESTES,                       )
                                    )
            Plaintiff,              )
                                    )
       v.                           )        No. 4:07 CV 274 DDN
                                    )
DAE LEDERLE, et al.,                )
                                    )
            Defendants.             )

### **MEMORANDUM**

Plaintiff George Estes moves (Doc. 102) for a new trial of the claims against the defendants, the jury having found the facts and returned verdicts in the defendants' favor. Plaintiff raises several grounds for a new trial which the court considers seriatim.

Plaintiff seeks a new trial under Federal Rule of Civil Procedure 59(a). The court has wide discretion to grant a new trial to prevent injustice. Structural Polymer Group, Ltd. v. Zoltek Corp., 543 F.3d 987, 990 (8th Cir. 2008); 12 Moore's Federal Practice ¶ 59.13[1] (3d ed. 2008).

### 1. Batson challenge

Plaintiff first argues that the court erred in allowing the defendants to strike from the venire panel an African American woman because defense counsel believed that this juror was not paying attention. Plaintiff argues this violates Batson v. Kentucky, 476 U.S. 79 (1986), and that such is not a legally sufficient reason for peremptorily striking a member of the venire panel. The court disagrees. In Snyder v. Louisiana, 128 S.Ct. 1203 (Mar. 19, 2008), the Supreme Court restated the steps for analyzing a Batson challenge. First, the claimant must make a prima facie showing that a peremptory strike was race-based. Second, if a prima facie case is made, the opponent must offer a race-neutral reason for the challenge. And third, in light of these submissions, the trial court must determine if the opponent purposefully discriminated in making a race-based peremptory strike of the venireperson. 128 S.Ct. at 1207.

To establish prima facie race discrimination, the claimant must establish that the circumstances of the voir dire proceeding indicate an inference of discriminatory purpose in the exclusion of a juror through a race-based peremptory challenge. See Powers v. Ohio, 499 U.S. 400, 411-16 (1998) (clarifying Batson). In this case, plaintiff disputes the defense statement that the stricken African American venirepanel member sat silent during the voir dire examination. This is not a sufficient basis in the circumstances of this case to establish a prima facie case of purposeful discrimination. United States v. Gordon, 974 F.2d 97, 100 (8th Cir. 1992). Standing alone, the fact that a venire panel member does not appear to be paying attention is a legally sufficient basis for overcoming a challenge under Batson. United States v. Jenkins, 52 F.3d 743, 747 (8th Cir. 1995)(challenge to "jurors that appeared disinterested" upheld). Further, in the instant trial an African American man was not stricken and served as a member of the six-juror petit panel. Id.

Plaintiff failed to establish a prima facie case of purposeful racial discrimination by the defense in the peremptory challenges.

## 2. Evidence of marijuana seizure

Plaintiff argues that the court erred in allowing evidence to be introduced that marijuana was found in his residence during the warrant-authorized search of his residence. Evidence that the officers found marijuana in the plaintiff's residence added not much to the evidence of plaintiff's conviction and sentence of imprisonment based upon the officers' searching his residence, which was presented to the jury in his direct examination and during cross-examination. The subject evidence was relevant to the overall conduct of the officers in the execution of the search. This evidence was relevant to the plaintiff's claim also because it could have established a motive for the actions plaintiff claimed the officers took against him. This evidence was relevant also to the defendants' case because it could have established the substantial and proper basis for the officers' actions. Fed. R. Evid. 402. Finally, the probative value of the evidence substantially outweighed any undue prejudice to the plaintiff. Fed. R. Evid. 403.

### 3. Exclusion of adverse inference evidence

Plaintiff argues the court erred in sustaining the defendants' objection to certain testimony proffered by plaintiff. In a pretrial hearing the court considered the testimony of the plaintiff that, because he suspected his paramour of acting wrongfully, he set up a video camera in a bedroom prior to the time the officers arrived to execute their search warrant. He testified that he believed the video camera was operating during the time the officers were in the apartment, executing the warrant. When plaintiff returned to his residence, after being released from custody approximately a day later, the video camera was missing from the residence and was not listed in the officers' inventory of seized items. Plaintiff speculated that, while he did not expect the video camera to have video-recorded the alleged events in other parts of the residence, he believed it might have audio-recorded these events. He testified that he speculated that the officers seized the camera and prevented its recorded information from being used at trial in plaintiff's behalf. This evidence, plaintiff argued, would have established a basis for him arguing an adverse inference to the jury, i.e., that the failure of the police to keep the camera and its recordings or to make it available for trial created an inference that, if the camera had been produced at trial, its evidence would have supported the plaintiff's claims. The court sustained the defendants' objection to the plaintiff's testimony in this regard, because the supporting information was legally insufficient to establish the adverse inference argued by plaintiff.

For plaintiff's evidence regarding spoliation of the asserted evidence to be legally sufficient to be submitted to the jury, with the resultant adverse inference argument and perhaps instruction to the jury to be properly given to the jury, the evidence must be legally sufficient to support a finding of intentional destruction of the evidence which indicates a desire to suppress the truth. Stevenson v. Union Pac. R.R. Co., 354 F.3d 739, 746 (8th Cir. 2004).

Crediting plaintiff's pretrial testimony, the camera was in a bedroom of the residence and not where he alleged he was assaulted by the police. Whether or not the camera could have audio-recorded the

events plaintiff alleges is entirely speculative. Plaintiff's testimony that the police seized the camera is entirely speculative, since the front door had been forced by the police to gain entry, the door had not been repaired when plaintiff returned to the residence, and plaintiff's paramour might as easily have had a motive for removing the video camera. For these reasons, plaintiff's proffered testimony was not legally sufficient to support a finding that the defendants intentionally dealt with any video camera to suppress the truth of the incident in plaintiff's residence.

### 4. Weight of the evidence at trial

Finally, plaintiff argues the jury's verdict was against the weight of the evidence. In assessing plaintiff's argument, the court must "interpret the record in a light most favorable to the prevailing party, [to determine whether] no reasonable juror could have reached the same conclusion." Structural Polymer Group, Ltd., 543 F.3d at 991. The jury had before it plaintiff's testimony that he was assaulted by the defendant police officers. The defendant police officers testified they did not do so. This presented an issue of fact for the jury based upon legally sufficient evidence. The jury's verdict in favor of the defendants was reasonable.

An appropriate Order denying the motion is filed herewith.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 3, 2009.